Karen L. O'Connor, OSB No. 953710
karen.oconnor@stoel.com
John B. Dudrey, OSB No. 083085
john.dudrey@stoel.com
Caroline J. Livett, OSB No. 151871
caroline.livett@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205-2584
Telephone:  503.224.3380
Facsimile:  503.220.2480

      Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RYAN HEMMING,<br><br>      Plaintiff,<br><br>v.<br><br>DECIBELS OF OREGON, INC., DENNIS SNYDER, an individual, and LEO BROWN, an individual,<br><br>      Defendants. | Case No.:  1:17-cv-01624-MC<br><br>DEFENDANTS' PARTIAL MOTION TO DISMISS<br><br>ORAL ARGUMENT REQUESTED |

## LR 7-1 CERTIFICATION

Counsel for Decibels of Oregon, Inc., Dennis Snyder, and Leo Brown ("Defendants") conferred with Ryan Hemming's ("Plaintiff") counsel in good faith, and the parties were unable to resolve the issues underlying this Motion.

Page 1  -  DEFENDANTS' PARTIAL MOTION TO DISMISS

**MOTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move this Court for an order dismissing Plaintiff's Complaint in part. Specifically, Defendants request that the Court:

(1) Dismiss the allegations in Plaintiff's Complaint asserting that this case should be certified as a collective action under the Fair Labor Standards Act ("FLSA"). Plaintiff is collaterally estopped from asserting that this case should be certified as a collective action because he is bound by this Court's decision in *Matthew Wilson v. Decibels of Oregon, Inc. et al.*, Case No. 1:16-cv-00855-CL ("*Matthew Wilson*"). In that case, which involved the same parties and is based on the identical factual allegations at issue here, the Court held that certification of a collective action was improper because the plaintiff and the employees whom he sought to represent are not "similarly situated."

(2) Dismiss Plaintiff's Complaint to the extent that it asserts FLSA violations based on facts arising before October 15, 2014, the date three years before Plaintiff filed his Complaint. FLSA claims are subject to a two-year limitations period, which is extended to three years in the event of a willful violation. 29 U.S.C. § 255(a). Thus, even if Plaintiff could prove a willful violation (which he cannot), the maximum reach of his Complaint would be October 15, 2014.

(3) Dismiss Plaintiff's Complaint to the extent that it asserts a state law unpaid overtime claim based on facts arising before October 15, 2015, the date two years before Plaintiff filed his Complaint. Under Oregon law, claims for unpaid overtime are subject to a two-year limitations period. ORS 12.110(3). Thus, Plaintiff's state law overtime claim can reach no further back than October 15, 2015.

This Motion is supported by the Declaration of Caroline J. Livett ("Livett Decl.").

## MEMORANDUM IN SUPPORT

### I.     Introduction

Plaintiff is a former installation technician for Decibels of Oregon, Inc. ("Decibels"). More than a year ago, in *Matthew Wilson*, the same attorney who represents Plaintiff (Quinn E. Kuranz) filed a complaint that is nearly identical to the Complaint filed in this case. Both complaints alleged that Decibels' installation technicians were not paid required overtime under the FLSA and sought to represent all similarly situated installation technicians through a collective action.

After a year of discovery in *Matthew Wilson,* Plaintiff's attorney moved to certify the case as a collective action under the FLSA. In support of the motion for certification, Plaintiff's attorney filed declarations and consents to join from several former installation technicians, including Plaintiff. This Court (adopting recommendations submitted by Judge Clarke) denied the certification motion after concluding that Matthew Wilson and his fellow installation technicians were not "similarly situated," as required to certify a case as a collective action under the FLSA. Plaintiff's attorney now seeks to re-litigate, through a new named plaintiff, another FLSA collective action with the exact same claims and virtually identical allegations as in *Matthew Wilson*. Plaintiff is collaterally estopped from doing so, and the Court should dismiss the collective action allegations from Plaintiff's Complaint with prejudice.

The Court should also dismiss Plaintiff's FLSA claims to the extent they seek to recover for periods preceding October 15, 2014, and dismiss his Oregon unpaid overtime claim to the extent it seeks to recover for periods preceding October 15, 2015. Claims preceding these periods are time-barred under the applicable statutes of limitation, 29 U.S.C. § 255(a) and ORS 12.110(3), respectively.

Page 3   -   DEFENDANTS' PARTIAL MOTION TO DISMISS

## II. Procedural History

### A. Matthew Wilson Files A Lawsuit Against Decibels On Behalf Of All Installation Technicians Similarly Situated.

On May 16, 2016, Matthew Wilson, a former installation technician for Decibels, filed a complaint on behalf of himself and other installation technicians alleging (among other theories) that they were not paid overtime under the FLSA. (Livett Decl. ¶ 2, Ex. A.) The *Matthew Wilson* complaint was filed in the U.S. District Court for the District of Oregon, Medford Division, and Matthew Wilson was and is represented by attorney Mr. Kuranz. (*Id*.) As relevant to this Motion, the *Matthew Wilson* complaint alleged that Defendants' practice of paying installation technicians on a piece-rate basis did not comply with the FLSA because Defendants did not include all hours worked in determining whether (and if so, how much) employees worked more than 40 hours in a work week and were thus entitled to overtime. (*Id.*, Ex. A, pp. 4, 5, 7 (*Matthew Wilson* Complaint ¶¶ 24, 29, 49).)

### B. Matthew Wilson Moves For Collective Action Certification, And Plaintiff Files A Consent To Join The Lawsuit.

On May 18, 2017, after a year of exhaustive discovery that included depositions and thousands of pages of document production, Matthew Wilson moved to certify the FLSA portion of his case as a collective action. (*Id*. at ¶ 3, Ex. B.) Specifically, Matthew Wilson sought to certify a collective action that consisted of Defendants' "Installation Technicians," who Matthew Wilson alleged were "subjected to the same policies and practices for non-payment of minimum wages and calculating overtime" as he was, in that they were all "paid on a piece-rate basis for work performed," but that Defendants did not "include all hours worked in calculating overtime hours worked, only hours spent on the job . . . ."  (*Id*., Ex. B, p. 4.)

As part of the motion for certification, Plaintiff filed a supporting declaration and a consent to join the *Matthew Wilson* lawsuit. (*Id.* at ¶ 3, Ex. B.) Plaintiff's decision to join the *Matthew Wilson* lawsuit is highly significant to this Motion. Under the FLSA, there are two ways for an employee to initiate a private claim for relief: (1) to file his or her own lawsuit; or (2) to "opt in" to an existing lawsuit filed by another employee. 29 U.S.C. § 216(b). In either case, the employee becomes a party to the lawsuit and thus is bound by the decisions of the court. *See Jones v. San Diego Metro. Transit Sys.*, No. 14-CV-1778-LAB-KSC, 2016 WL 3952154, at *4 (S.D. Cal. July 22, 2016) ("An employee becomes a party plaintiff in an FLSA suit when he consents in writing and the consent is filed in the court in which the suit is brought."). Consequently, when Plaintiff submitted his opt-in form, he became a party to the *Matthew Wilson* lawsuit.

### C.   Judge Clarke Recommends Denying The Motion To Certify A Collective Action, A Recommendation That This Court Adopts In Full.

Judge Clarke heard argument on Matthew Wilson's certification motion on June 27, 2017. (Livett Decl. ¶ 4, Ex. C.) Judge Clarke issued his Findings & Recommendation ("F&Rs") on July 12, 2017, and recommended that the motion be denied. (*Id.* at ¶ 5, Ex. D.) Matthew Wilson's Objections to the F&Rs followed on July 27, 2017. On August 31, 2017, this Court denied Matthew Wilson's Objections and adopted the F&Rs' denial of the motion for certification. (*Id.*) No appeal was filed. (*Id*. at ¶ 5.)

### D.   Plaintiff Files His Complaint In This Case, Which Contains Allegations Virtually Identical To The Complaint In *Matthew Wilson*.

On October 15, 2017, Plaintiff filed his Complaint in this case. As was true in *Matthew Wilson*, Plaintiff alleges that Defendants' piece-rate payment practices violated the FLSA because Defendants did not include all hours worked in determining their statutory overtime

Page 5   -   DEFENDANTS' PARTIAL MOTION TO DISMISS

obligations. Indeed, as the following chart illustrates, the allegations in the two cases are virtually identical:

| **Plaintiff's Complaint** | *Matthew Wilson* **Complaint** |
|---|---|
| "Plaintiff on his own behalf and on behalf of the collective group of Technicians seeks to represent all similar situated employees of defendants in their FLSA claims." (¶ 45) | "Plaintiff on his own behalf and on behalf of the collective group of Technicians seeks to represent all similar situated employees of defendants in their FLSA claims." (¶ 33) |
| "At all material times, defendants had a policy and practice of not properly paying overtime to its Technician employees while requiring, suffering or permitting those employees to work more than 40 hours per week." (¶ 53) | "At all material times, defendants had a policy and practice of not properly paying overtime to its Technician employees while requiring, suffering or permitting those employees to work more than 40 hours per week." (¶ 39) |
| "As a result of defendants' failure to compensate its piece-rate employees, including plaintiffs and the class he seeks to represent, at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours per work week, defendants violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq, including 29 U.S.C. § 207(a)(1) and § 215(a)." (¶ 54) | "As a result of defendants' failure to compensate its piece-rate employees, including plaintiffs and the class he seeks to represent, at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours per work week, defendants violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq, including 29 U.S.C. § 207(a)(1) and § 215(a)." (¶ 40) |

(Livett Decl. ¶ 2, Ex. A; Pl.'s Compl.)

Plaintiff's attorney has also filed another complaint against Defendants, *Daniel Wilson v. Decibels*, Case No. 17-CV-01558-MC, containing the identical collective action allegations to this case and *Matthew Wilson*. Daniel Wilson, like Plaintiff, filed a consent to join the *Matthew Wilson* suit and is thus bound by its ruling on the collective action issue. (Livett Decl. ¶ 3, Ex. B.) Defendants are moving to dismiss the *Daniel Wilson* complaint on the same grounds as they move against the Complaint in this case. (*Id.* at ¶ 6.)

### III.     Argument

#### A.     Plaintiff Is Collaterally Estopped From Re-Litigating Whether Collective Action Treatment Is Appropriate.

Plaintiff is collaterally estopped from re-litigating a FLSA collective action complaint on behalf of Defendants' installation technicians because the Court already denied collective action certification in *Matthew Wilson* on the grounds that the installation technicians are not "similarly situated."

"Where a federal court has decided the earlier case, federal law controls the [issue-preclusion] analysis." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). Three elements must be present for collateral estoppel to apply: "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Id.* (internal quotation marks omitted; brackets in original) (quoting *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996)). As shown below, all three elements are satisfied.

1.  **This Case Presents The Identical Issue Decided In *Matthew Wilson*: Whether Defendants' Installation Technicians Are "Similarly Situated."**

Under Section 216(b) of the FLSA and the U.S. Supreme Court's decision in *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989), the Court is authorized to certify an FLSA case as a collective action and supervise the distribution of Court-approved notices and opt-in forms if it is satisfied that the named plaintiff and an identifiable group of employees are "similarly situated." Judge Clarke explained the "similarly situated" standard in his F&Rs in *Matthew Wilson*:

> This court considers the term 'similarly situated' in light of the purposes and goals of a collective action. This is a less stringent standard than a class action motion governed by Federal Rule of Civil Procedure 23. Thus, a plaintiff need only demonstrate a reasonable basis for a claim that the employer acted on a class-wide basis. This burden can be satisfied by a modest factual showing that plaintiffs and potential plaintiffs were victims of a common policy or plan that violated the law.

(Livett Decl. ¶ 5, Ex. D, p. 4 (citations omitted).)

To determine whether potential collective members are "similarly situated," this district has "'adopted a "two-tiered" approach that applies two levels of scrutiny depending on how much discovery has been completed.'" *White v. Rakhra Mushroom Farm Corp.*, No. CV 08-198-SU, 2009 WL 971857, at *3 (D. Or. Apr. 8, 2009) (quoting *McElmurry v. U.S. Bank Nat'l Ass'n*, No. 04-642, 2006 WL 3908536, at *2 (D. Or. Dec. 8, 2006)).

The first stage requires that the plaintiff make a minimal showing that he and potential class members are similarly situated. *McElmurry*, 2006 WL 3908536, at *3. Because this determination usually comes very early in the litigation and is based on minimal evidence, the standard is lenient and only requires substantial allegations that the putative class members were together victims of a single unlawful decision, policy, or plan. *Id.*

Page 8   -   DEFENDANTS' PARTIAL MOTION TO DISMISS

94612157.2 0057992-00004

By contrast, the second-stage determination occurs after discovery is largely complete. *Id.* This stage of analysis requires a fact-intensive determination as to whether the putative class members are similarly situated to the named plaintiff. At this second stage, the court weighs "'(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appeared to be individual to each plaintiff, and (3) fairness and procedural considerations.'" *Id.* (citation omitted).

In short, in order to certify this case as a collective action under the FLSA, Plaintiff would have to show that he and his fellow installation technicians were "similarly situated." The problem Plaintiff faces is that the Court has already determined that they are not. Judge Clarke, in F&Rs adopted in full by this Court, held unambiguously that the installation technicians whom Matthew Wilson sought to group together in his case—and whom Plaintiff seeks to group together in this case—are not "similarly situated." According to Judge Clarke:

> "[T]here are clear differences in how each installation technician claims to have been paid, as well as differences in policies between Decibels' offices. As such, determining whether each installation technician was properly paid would "require an individualized inquiry," a process that would undermine, not promote, judicial efficiency. To complicate matters further, Plaintiff has presented a vast universe of potential members of the class. In fact, he has failed to explicitly limit the class by geographic area, instead asking to notify all installation technicians employed by Decibels within the requisite statute of limitations. However, the affidavits and declarations represent a much smaller set of injured workers, and demonstrate that the 'policy' was not even uniformly or systematically implemented at any given office. Plaintiff has thus failed to show that the installation technicians who have asked to join this suit, as well as any putative plaintiffs who would later be encompassed into the putative class, are similarly situated."

(Livett Decl. ¶ 5, Ex. D, p. 9 (citations omitted).)

Per the express allegations in Plaintiff's Complaint, this case involves the same company, the same category of employees, the same allegedly unlawful policies, the same factual theories, and the same legal claims at issue in *Matthew Wilson*. What was true in that case is true here:

Page 9   -   DEFENDANTS' PARTIAL MOTION TO DISMISS

there are too many differences between and among Defendants' installation technicians for them to be "similarly situated," and this case therefore cannot be certified as a collective action.

Persuasive authority from the Western District of Pennsylvania supports Defendants' argument. In *Belle v. University of Pittsburgh Medical Center*, No. 13-1448, 2014 WL 4828899 (W.D. Penn. Sept. 29, 2014), a group of employees filed a second complaint asserting a putative FLSA collective action based on the defendants' meal period policies, after their first FLSA collective action case (styled *Camesi v. University of Pittsburgh Medical Center*) asserting the same theory was decertified. Although the named plaintiffs in the second case "tweaked some aspects of their pleadings," it was plain that "their theories of liability remain materially unchanged" and that "[a]s a practical matter, then, this case is a 'redux' of [the first case.]" *Id*. at *1. Indeed, more than 95 percent of the opt-ins in the second case had also opted in to the first case. *Id*.

The court had little trouble concluding that the issues in the first and second cases were identical and that plaintiffs were collaterally estopped[1] from re-litigating the collective action issue:

> The named Plaintiffs in *Belle*, and the vast majority of their opt-ins, are former *Camesi* opt-ins, asserting the same legal theories for collective action treatment. . . . Having exhaustively adjudicated the collective action issues in *Camesi*, the Court has no doubt that identical factual and legal issues would incur. The *Belle* Plaintiffs' modest reworking of their pleadings cannot overcome the identity of issues between the two cases. <u>Indeed, the Court cannot imagine how the same opt-ins in *Camesi* can be viewed as stating non-identical claims in *Belle*, when they necessarily are complaining of the same conduct of Defendants,</u>

---

[1] The Third Circuit's collateral estoppel test is materially the same as the Ninth Circuit's. *See Belle*, 2014 WL 4828899, at *2 ("The doctrine of issue preclusion may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted has had a full and fair opportunity to litigate the issue." (citing *Kundratic v. Thomas*, 573 F. App'x 167, 171 n.6 (3d Cir. 2014))).

Page 10 -   DEFENDANTS' PARTIAL MOTION TO DISMISS

> <u>however worded, in both cases.</u> In any event, whatever modest distinctions may be drawn between the two cases, they are insufficient to justify permitting counsel to make an "end-run" around the unfavorable decertification ruling in *Camesi*, and the subsequent unfavorable decision on appeal.

*Id*. at *2 (emphasis added).

Plaintiff stands in the same position as the lead plaintiff in *Belle*. Having lost the collective certification issue in a prior round of litigation (*Matthew Wilson*), Plaintiff returns for a second bite at the apple in this case. He should meet the same fate as the plaintiff in *Belle*: a summary dismissal of his collective action allegations.

### 2. The Same Parties To This Case Fully Litigated The "Similarly Situated" Issue In *Matthew Wilson*.

This Court's prior conclusion that Defendants' installation technicians are not "similarly situated" was the product of full litigation between the same parties who are present in this case. The purpose of the "fully litigated" requirement is to ensure that subsequent litigants are only barred from asserting issues if they previously had a fair opportunity to make their arguments heard. *See United States v. Salemo*, 81 F.3d 1453, 1464 (9th Cir. 1996) ("Collateral estoppel applies only where the parties in the prior proceeding had an opportunity to litigate fully and fairly the ultimate facts sought to be asserted in the second proceeding.").

There is no question this occurred with respect to the "similarly situated" issue in *Matthew Wilson*. Counsel submitted dozens of pages of briefing before Judge Clarke and before this Court (as part of its review of the F&Rs) on the certification motion, in addition to conducting a lengthy oral argument. (Livett Decl. ¶ 4, Ex. C.) The briefing and argument were shaped by nearly a year's worth of discovery into Defendants' pay practices and the factual and legal issues supporting Matthew Wilson's claims.

Further, *Matthew Wilson* involved the same parties who are present here. As the captions show, both *Matthew Wilson* and this case were brought against Decibels and Dennis Snyder; the only difference is that Leo Brown is named as a defendant in this case. (Livett Decl. ¶ 2, Ex. A; Pl.'s Compl.) Likewise, by opting in to *Matthew Wilson*, Plaintiff became a party to it and is thus bound by its determination. 29 U.S.C. § 216(b); *see also Ambrosia v. Cogent Commc'ns, Inc.*, No. 14-cv-02182-RS, 2014 WL 4744409, at *2 (N.D. Cal. Sept. 22, 2014) ("[P]rivity is certainly satisfied as to the fourteen of sixteen plaintiffs in this matter who opted-in to the [earlier] collective action and thereby became parties per the FLSA. 29 U.S.C. § 216(b)."); *Belle*, 2014 WL 4828899, at *4 ("There can be no doubt, moreover, that the named Plaintiffs in *Belle* were parties to the prior adjudication [in *Camesi*].").

Consequently, the fully-litigated and same-parties elements of the collateral estoppel analysis are satisfied.

### 3. The Question Of Whether Defendants' Technicians Were "Similarly Situated" Was The Critical Issue In Denying Certification In *Matthew Wilson*.

Finally, the "similarly situated" issue was essential to the denial of the certification motion in *Matthew Wilson*. A finding that the named plaintiff and his or her fellow employees are "similarly situated" is a but-for requirement to certify a collective action. *See* 29 U.S.C. § 216(b) (authorizing a private right of action on behalf of an employee and "other employees similarly situated"); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("In determining whether or not to certify a collective action, the core inquiry is whether the putative class members are 'similarly situated.'" (citation omitted)). There is no serious argument that the Court's decision denying the certification motion failed to reach this issue.

    **B.**    **Plaintiff's FLSA Claims Are Time-Barred To The Extent They Are Based On Factual Allegations Arising Prior To October 15, 2014.**

Plaintiff's Complaint alleges that Defendants employed him from September or October 2009, until May 22, 2016. (Pl.'s Compl. ¶¶ 8-9.) Under the FLSA, a private claim "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). A claim for unpaid overtime or minimum wage under the FLSA accrues when the employer fails to pay the required wages. *Biggs v. Wilson,* 1 F.3d 1537, 1540 (9th Cir. 1993). Thus, even if Plaintiff could establish a willful violation of the FLSA, the furthest back he could reach is October 15, 2014, the date three years prior to when he filed his Complaint. The earlier allegations are time-barred as a matter of law and should be dismissed.

    **C.**    **Plaintiff's State Law Unpaid Overtime Claim Is Time-Barred To The Extent It Is Based On Factual Allegations Arising Prior To October 15, 2015.**

In addition to his FLSA claim, Plaintiff also asserts a claim for unpaid overtime under Oregon law. (Pl.'s Compl. ¶ 62 (citing ORS 653.055 and ORS 652.150 in support of his claim for "state penalties equal to 240 hours at plaintiff's regular rate of pay for defendant's failure to pay overtime wages.").) By statute, "[a]n action for overtime or premium pay or for penalties or liquidated damages for failure to pay overtime or premium pay shall be commenced within two years." ORS 12.110(3).[2] Because Plaintiff waited until October 15, 2017, to "commence" his lawsuit, his claim for overtime wages under Oregon law can reach no further back than October 15, 2015. The earlier allegations are time-barred as a matter of law and should be dismissed.

---

[2] Unlike the FLSA, ORS 12.110(3) does not extend the statute of limitations based on whether the violation was willful.

Page 13 -   DEFENDANTS' PARTIAL MOTION TO DISMISS

## IV. Conclusion

For the reasons stated above, the Court should: (1) dismiss the allegations in Plaintiff's Complaint that assert that this case should proceed as a collective action; (2) dismiss Plaintiff's FLSA claims to the extent they seek to recover for periods preceding October 15, 2014; and (3) dismiss Plaintiff's Oregon overtime claim to the extent it seeks to recover for periods preceding October 15, 2015.

DATED: December 18, 2017.

STOEL RIVES LLP

s/ *Caroline J. Livett*
KAREN L. O'CONNOR, OSB No. 953710
karen.oconnor@stoel.com
JOHN B. DUDREY, OSB No. 083085
john.dudrey@stoel.com
CAROLINE J. LIVETT, OSB No. 151871
caroline.livett@stoel.com
Telephone: 503.224.3380

Attorneys for Defendants