IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RYAN HEMMING, | Civ. No. 1:17-cv-01624-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| DECIBELS OF OREGON, INC.; DENNIS SNYDER; LEO BROWN, | |
| Defendants. | |

_____

McSHANE, District Judge.

This matter comes before the Court on Defendants' Partial Motion to Dismiss, ECF No. 6.  The Court has determined that this motion is appropriate for resolution without oral argument.  For the reasons discussed below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Ryan Hemming was employed by Defendant Decibels of Oregon, Inc. as a Senior Technician from September or October 2009 through May 22, 2016.  Plaintiff alleges he was subjected an unfair and unlawful system of payment while employed by Defendants, which deprived him of wages for time spent working and overtime pay to which he was entitled.  Plaintiff alleges that other installation technicians employed by Defendants were subjected to the same unlawful system and seeks to bring a collective action pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*.

Two other installation technicians, Matthew Wilson and Daniel Wilson, have brought substantially similar actions in *Matthew Wilson v. Decibels of Oregon, Inc. et al.*, 1:16-cv-00855-CL ("*Matthew Wilson*"), filed May 16, 2016, and *Daniel Wilson v. Decibels of Oregon, Inc. et al.*, 1:17-cv-01558-MC ("*Daniel Wilson*"), filed October 2, 2017.  Daniel Wilson, Matthew Wilson, and Plaintiff are all represented by the same counsel and all three cases include a claim for collective action against Defendants under the FLSA.

A number of installation technicians, including Plaintiff and Daniel Wilson, sought to join the earliest filed case, *Matthew Wilson*, as part of the collective action certification process. On July 12, 2017, Magistrate Judge Clarke issued a Report and Recommendation, in which he declined to certify the collective action because the record did not support a finding that the installation technicians were "similarly situated" for purposes of the FLSA.  Livett Decl. Ex. D, at 6-9.[1]  This Court adopted Judge Clarke's Report and Recommendation on August 31, 2017, and conditional certification was denied.  Livett Decl. Ex. D, at 14-16.  This action and the *Daniel Wilson* case were filed shortly after the Court's conditional certification decision and the *Matthew Wilson* plaintiff's individual claims remain pending before Judge Clarke.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  This includes "undisputed matters of public record, including documents on file in federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).  Plaintiff has not objected to Defendants submission of the partial record of the *Matthew Wilson* case, attached as exhibits to the Livett Declaration, ECF No. 7, and the Court finds that the submitted documents are appropriate subjects for judicial notice.

for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). The Court must accept as true the allegations in the complaint and construe them in favor of the plaintiff, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

## DISCUSSION

Defendants argue (1) that Plaintiff's claim for collective action is barred by collateral estoppel based on the Court's ruling in *Matthew Wilson* and (2) that Plaintiff's FLSA and state law claims are at least partially time-barred.

### I.     Collateral Estoppel

Defendants argue Plaintiff is collaterally estopped from asserting a claim for collective action under the FLSA based on the Court's prior decision denying conditional certification in *Matthew Wilson*. Defendants contend Plaintiff is bound by the *Matthew Wilson* decision because he affirmatively "opted-in" as a plaintiff to the collective action claim in that case prior to the denial of certification and is therefore barred from bringing a collective action claim in a subsequent action.

Collateral estoppel, or issue preclusion, "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Collateral estoppel applies where it is established that "(1) the issue necessarily decided at the previous proceedings is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (internal quotation marks and citation omitted).

### A. Identity of Parties

Defendants argue that, by affirmatively opting in to the *Matthew Wilson* collective action claim, Plaintiff became a party to that action and is therefore bound by the preclusive effect of the Court's unfavorable decision. Plaintiff contends he was not a "party" in *Matthew Wilson* because the Court ultimately declined to certify collective action in that case.

To support his position, Plaintiff relies on the Supreme Court's decision in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011). In *Smith*, the Supreme Court held that, in the context of a class action under Rule 23, an unnamed member of a proposed but uncertified class was not a "party" to earlier class litigation and was not bound under principles of nonparty preclusion. *Id.* at 312-18. Collective actions under the FLSA are distinguishable from class actions under Rule 23, however. Unlike a Rule 23 action, an employee becomes a party plaintiff in an FLSA case when he consents in writing and the consent is filed in the court in which the suit is brought. *See* 29 U.S.C. §§ 216(b), 256. A plaintiff who validly consents to "opt-in" to a collective action claim is bound by the court's judgment. *Id.*; *see also McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136,

1139 (9th Cir. 2007) ("[T]hose plaintiffs who expressly join the collective action are bound by its results.").

In *Phillips v. Randy's Trucking, Inc.*, 1:16-cv-00753-LJO-JLT, 2016 WL 6248264 (E.D. Cal. Oct. 26, 2016), the district court rejected a similar attempt to apply *Smith* to FLSA opt-in parties. As in the present case, the *Phillips* plaintiff had affirmatively opted in to a prior collective action class before the court denied conditional certification. *Id.* at *1. The plaintiff argued that, following *Smith*, he was not a party to the prior action. The court rejected the plaintiff's argument, finding that "*Smith* is inapplicable here, because that holding applies to putative plaintiffs in the Rule 23 context who do not affirmatively opt in to the suit, and are therefore not considered part of the class until class certification is granted." *Id.*, at *4 n.2.

Given the strong factual similarity between *Phillips* and the present case, the Court finds the reasoning of *Phillips* to be especially persuasive. Plaintiff affirmatively opted in to the collective action claim in *Matthew Wilson* before the Court denied conditional certification. In doing so, Plaintiff agreed to be bound by the Court's decision. *See* Livett Decl. Ex. B, at 19.[2] The Court therefore concludes that Plaintiff was a party in the *Matthew Wilson* case for purposes of the collateral estoppel analysis.

### B. Identity of Issues

In assessing whether there is an identity of issues for purposes of collateral estoppel, courts examine four factors: "(1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) does the new evidence or argument involve application of the same rule of law as that was involved in the prior proceeding? (3) could pretrial preparation and discovery related to the matter presented in

---

[2] Paragraph 3 of Plaintiff's signed Consent to Join (Opt-In) and Authorization to Represent states "I hereby consent, agree, and 'opt in' to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action." Livett Decl. Ex. B, at 19.

the first action reasonably be expected to have embraced the matter sought to be presented in the second? and (4) how closely related are the claims involved in the two proceedings?" *Disimone v. Browner*, 121 F.3d 1262, 1267 (9th Cir. 1997) (quoting the Restatement (Second) of Judgements § 27 cmt. c.). Collateral estoppel is not applicable where differing facts between the two cases are "essential to the judgment or of controlling significance." *Starker v. United States*, 602 F.2d 1341, 1346 (9th Cir. 1979) (internal quotation marks and citations omitted).

The logical starting place for this inquiry is to review what the issues were in the first proceeding and how they were resolved. The Court therefore turns to Judge Clarke's Report and Recommendation in *Matthew Wilson*, which this Court subsequently adopted. Livett Decl. Ex. D.

In *Matthew Wilson*, the plaintiff sought to certify a class of installation technicians, including Plaintiff, for a collective action under the FLSA. Judge Clarke followed the practice of courts in this District when considering collective action certification and applied the two-tiered analysis set forth in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001). Livett Decl. Ex. D, at 5. Under that analysis:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in a "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district

> court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

*Hipp*, 252 F.3d at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); Livett Decl. Ex. 5, at 5.

Judge Clarke's application of the two-tiered *Hipp* inquiry was complicated by the timing of the plaintiff's motion to certify. As noted above, conditional certification is usually sought in the early stages of the case, but the *Matthew Wilson* plaintiff did not seek to conditionally certify collective action until the discovery process was nearly complete. Livett Decl. Ex. D, at 6. As a consequence, the plaintiff was unable to solicit discovery concerning other members of the putative class. *Id.* In light of the extensive discovery that had already been performed, however, the parties disputed whether the certification decision should be made under the "conditional certification" standard, based on the pleadings and affidavits, or under the more rigorous "decertification" standard. *Id.* After reviewing the record, Judge Clarke determined that the *Matthew Wilson* plaintiff could not satisfy the conditional certification standard and so there was no need to undertake the decertification inquiry. *Id.*

In this case, Plaintiff agrees that his claims are essentially the same as those advanced in *Matthew Wilson*, with some minor tweaks and adjustments. Plaintiff was employed in the same position, by the same company, and in the same city as the *Matthew Wilson* plaintiff. Except for the addition of Leo Brown, Plaintiff brings his claims against the same Defendants. While these similarities would seem to weigh in favor of a finding of close identity of issues, the Court is not convinced the similarities compel that conclusion.

In choosing to apply the "conditional certification" standard, Judge Clarke limited the reach of the *Matthew Wilson* certification decision. Judge Clarke decided only that the opt-in

parties, including Plaintiff, were not "similarly situated" to one another or to the named plaintiff and that resolution of their claims would require an individualized inquiry. *See* Livett Decl. Ex. D, at 7-9.

The *Phillips* court, discussed in the previous section, confronted a similar situation. In *Phillips*, the plaintiff had opted in to a prior collective action case several months before conditional certification was denied. *Phillips*, 2016 WL 6248264, at *1. The plaintiff was dismissed from the prior action and subsequently brought suit in his own name. The *Phillips* plaintiff's claims were substantially similar to those alleged in the prior case, including a collective action claim. *Id.*, at *1, 5. The *Phillips* defendants filed a motion for judgment on the pleadings, arguing the plaintiff's claims were barred by collateral estoppel based on the prior court's decision to deny conditional certification. *Id.* at *1, 6. On the specific question of identity of issues, the *Phillips* court observed that:

> In its decision, the [prior] court relied not only on the allegations in the complaint, but also on declarations from the named plaintiffs. Here, the Court only has the Complaint and cannot yet know whether Plaintiff could put forward evidence in support of his motion for class certification that would show that he is similarly situated to other putative plaintiffs. If he can so do, that new evidence would be 'of controlling significance' and could lead to a different outcome at the certification stage. Plaintiff is entitled to put forth evidence to show that this class should proceed as a collective action at the appropriate time.

*Id.* at *5 (internal citation omitted).

The Court finds this reasoning persuasive. As in *Phillips*, the Court is not in a position to know whether the evidence presented in a motion to conditionally certify a collective action in this case will be identical to the evidence presented in *Matthew Wilson*. If Plaintiff presents new evidence, it might prove to be "of controlling significance," and could lead to a different outcome. Accordingly, the Court declines to find that collateral estoppel is justified based on identity of issues.

### C. Finality of the Prior Determination

Plaintiff argues that the *Matthew Wilson* decision cannot exercise a preclusive effect over his claims because there is no final judgment and *Matthew Wilson* remains pending before Judge Clarke. This argument somewhat misses the mark. "To be 'final' for collateral estoppel purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291." *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983). Rather, a "'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect." *Id.* (quoting *Miller Brewing Co. v. Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979)). The question is not, therefore, whether a final judgment has been entered in the *Matthew Wilson* case, but rather whether the Court's decision to deny conditional certification for collective action is "sufficiently firm" to be deemed preclusive as to Plaintiff's collective action claim in this case. The Court concludes that it is not.

Once again, the *Phillips* decision is instructive. In that case, the court in the prior FLSA action had declined to certify the collective action based on the lower conditional certification standard, rather than the more rigorous decertification standard. *Phillips*, 2016 WL 6248264, at *6.

> The [prior] court's conclusion rested on the fact that plaintiffs did not submit sufficient evidence to suggest that other drivers were similarly situated to named plaintiffs. The court did not determine that the evidentiary record showed that the action was categorically unsuitable for collective action treatment, only that the evidence at that stage was insufficient.

*Id.* (internal citations omitted).

The *Phillips* court went on to conclude that, in light of the limited scope of the conditional certification analysis, an order denying certification to a collective action was not "sufficiently firm" for purposes of preclusion.[3] *Id.*

As discussed in the previous section, Judge Clarke applied the "first tier" conditional certification analysis in *Matthew Wilson*. Livett Decl. Ex. D, at 6. Based on the pleadings and affidavits of the *Matthew Wilson* plaintiffs, Judge Clarke determined that the plaintiffs had "failed to show that the installation technicians who have asked to join this suit, as well as any putative plaintiffs who would later be encompassed into the putative class, are similarly situated." *Id.* at 9. Judge Clarke did not conclude that evidentiary record showed that the action was "categorically unsuitable" for collective action treatment, except with regard to the specific individuals who sought to join the class. Nor did this Court expand the scope of Judge Clarke's ruling in its Order adopting the Report and Recommendation. Livett Decl. Ex. D, at 14-16.

Once again, the Court finds the reasoning of *Phillips* persuasive. The decision to deny conditional certification in *Matthew Wilson* was not "sufficiently firm" to exercise a preclusive effect on Plaintiff's claim for collective action at this stage of the present case.[4]

---

[3] The *Phillips* court was careful to distinguish its case from the situation in *Ambrosia v. Cogent Communications, Inc.*, Case No. 14-cv-02182-RS, 2014 WL 4744409 (N.D. Cal. Sept. 22, 2014). In *Ambrosia*, the court somewhat summarily concluded that the decision to decertify a collective action was "sufficiently firm" to exercise a preclusive effect over a subsequent action brought by one of the "opt-in" plaintiffs. *Ambrosia*, 2014 WL 4744409, at *1-2. By contrast, *Phillips* involved the denial of conditional certification, rather than the more searching and rigorous decertification inquiry. *Phillips v. Randy's Trucking, Inc.*, 1:16-cv-00753-LJO-JLT, 2016 WL 6248264, at *6 (E.D. Cal. Oct. 26, 2016). Taken together, *Ambrosia* and *Phillips* suggest that a decertification decision exercises a preclusive effect, but that a decision denying conditional certification is not necessarily preclusive.

[4] Defendants rely heavily on *Belle v. Univ. of Pittsburg Med.Ctr.*, Civil Action No. 13-1448, 2014 WL 4828899 (W.D. Pa. Sept. 29, 2014), in which the district court struck the plaintiffs' collective action claim based on collateral estoppel, finding the case to be a "redux" version of the prior FLSA action. *Id.* at *1, 4. The Court has carefully studied the *Belle* decision and finds it to be distinguishable. First, *Belle* involved an attempt to re-litigate an "exhaustively adjudicated" prior decertification decision, which had already been affirmed on appeal, *Id.* at *1-2, rather than the denial of conditional certification, as in this case. Second, employees had already begun to opt in to the collective action in *Belle*, resulting in a 95.32% overlap with the parties from the prior action. *Id.* *1. By contrast, no other employees have chosen to opt in to the present case as of yet and it strikes the Court as premature to assume that any eventual opt-in plaintiffs will be the same ones who opted in to the *Matthew Wilson* case.

Defendants' motion to dismiss Plaintiff's collective action claim based on collateral estoppel is DENIED. In reaching this conclusion, the Court does not presuppose that Plaintiff will be able to achieve conditional certification in this action or that any conditionally certified class would be able to survive a motion for decertification. On the contrary, the issues identified by Judge Clarke in *Matthew Wilson* suggest Plaintiff faces significant obstacles with respect to his collective action claim.[5]  Plaintiff is, however, entitled to make his case for certification and the Court will resolve those questions if and when they present themselves.

## II.    Statute of Limitations

FLSA actions must be commenced within two years unless the plaintiff can prove a willful violation, in which case they must be commenced within three years of the date on which the claims accrued. 29 U.S.C. § 255(a). Under Oregon law, "[a]n action for overtime or premium pay or for penalties or liquidated damages for failure to pay overtime or premium pay shall be commenced within two years." ORS 12.110(3).

Defendants assert that Plaintiff's claims are at least partially barred by the applicable statutes of limitations. Plaintiff argues that matters of timeliness are not properly raised in a motion to dismiss and that his claims might be entitled to the benefit of equitable tolling or equitable estoppel.

Contrary to Plaintiff's assertions, a statute of limitations defense may be raised in a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on

---

[5] For instance, Plaintiff and the other installation technicians made their Declarations regarding Defendants' timekeeping and overtime practices in *Matthew Wilson* under penalty of perjury. Livett Decl. Ex. B, at 12, 18, 25, 30, 36. The fact that the Court has found the *Matthew Wilson* certification decision non-preclusive on this record and at this stage does not open the door to the submission of inconsistent declarations by the same individuals in the present case. Likewise, the Court is prepared to revisit the question of collateral estoppel if Plaintiff attempts to certify a class that includes the specific individuals that this Court has already determined are not similarly situated.

the running of the statute of limitations, it can be granted only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* To read with the "required liberality," the Court must consider the plaintiff's factual allegations in the "light most favorable" to him. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002). However, the plaintiff must assert factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In this case, Plaintiff did not initiate this action until October 15, 2017, but is asserting both FLSA claims and state law claims for the entire period of his employment, which ran from September 2009 to May 2016. Compl. 2, 10-12. Under the circumstances, the Court concludes that the running of the statute of limitations is apparent on the face of the Complaint and Defendants' timeliness argument is appropriately raised in a motion to dismiss.

On the issue of equitable tolling and equitable estoppel, Plaintiff contends there "are facts and factors beyond the complaints that will serve to inform the court on precisely when and what date the statute of limitations should run." Pl. Mem. in Opp'n 9. Plaintiff does not, however, say what these "facts and factors" might be, other than to suggest that he might be able to equitably toll the limitations period in his case based on the uncertified collective action claim in *Matthew Wilson*.

This is plainly insufficient. As noted, the running of the statute is apparent on the face of the Complaint and Plaintiff admits that the "facts and factors" which might justify equitable tolling or equitable estoppel have not been included in his pleadings. Accordingly, Defendants' Partial Motion to Dismiss is GRANTED on the issue of timeliness and Plaintiff's FLSA and state law claims are DISMISSED to the extent that they seek to reach beyond the applicable limitations period.

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend his pleadings with leave of the court and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that "this policy is to be applied with extreme liberality," and courts should be guided by the consideration of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks and citation omitted).

In this case, the Court finds no evidence of bad faith or undue delay, but once again notes that the timeliness issue is apparent on the face of the Complaint. If Plaintiff knew of facts that would support equitable tolling or equitable estoppel, he should have included them in his original complaint. As to the issue of prejudice, a party opposing amendment has the burden of demonstrating prejudice, *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973), and the Court concludes that Defendants have not met that burden in the present motion.

The futility of a proposed amendment is judged according to the standards of a Rule 12(b)(6) motion to dismiss. *See, e.g., Mays v. United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of the United States and Canada*, No. 3:16-cv-00914-AC, 2017 WL 4002720, at *4 (D. Or. Aug. 8, 2017). In this case, Plaintiff's coyness regarding the specific "facts and factors" supporting equitable tolling or estoppel makes it difficult for the Court to assess the futility of amendment. Ordinarily, this would weigh against granting leave to amend, but in light of the other factors and the importance of a liberal policy with regard to amendment, the Court has determined that dismissal shall be with leave to amend. In drafting an amended complaint, Plaintiff must include sufficient factual allegations to raise his claim for equitable tolling or estoppel "above the speculative level." *See Twombly*, 550 U.S. at 555.

## CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss, ECF No. 6, is GRANTED in part and DENIED in part. Plaintiff's FLSA and state law overtime and premium pay claims are DISMISSED to the extent that they seek to reach beyond the applicable statutes of limitations. Plaintiff shall have thirty (30) days in which to file an amended complaint, should he choose to do so.

It is so ORDERED and DATED this   1st   day of February, 2018.

                                                s/Michael J. McShane
                                                MICHAEL McSHANE
                                                United States District Judge