Karen L. O'Connor, OSB No. 953710
karen.oconnor@stoel.com
Caroline J. Livett, OSB No. 151871
caroline.livett@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RYAN HEMMING, | Case No.: 1:17-CV-01624-MC |
| Plaintiff, | DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| DECIBELS OF OREGON, INC., LEO BROWN, and  DENNIS SNYDER, | |
| Defendants. | |

**LOCAL RULE 7.1(a) COMPLIANCE**

Pursuant to LR 7.1(a), counsel for Decibels of Oregon, Inc., Dennis Snyder, and Leo Brown (collectively "Decibels" or "Defendants") certify that they conferred in good faith with plaintiff's counsel regarding this motion, but the parties were unable to agree.

**MOTION**

Pursuant to Fed. R. Civ. P. 56, Decibels moves for an order granting partial summary judgment on the applicable statute of limitations for plaintiff's collective action claim for unpaid

Page 1   -   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

overtime prior to April 5, 2015, which is three years prior to when plaintiff filed a written Consent to Join.  There is no genuine issue of material fact on this discrete question, and Decibels is entitled to judgment as a matter of law.  This motion is supported by the Memorandum below and the pleadings and other documents on file in this case.

## MEMORANDUM IN SUPPORT

### A.    Factual and Procedural Background

Decibels hired plaintiff on April 14, 2014.  First Amend. Collective Action Compl. ¶ 8.  Plaintiff worked as an installation technician, installing cable and internet services in customer homes, and was primarily paid a piece rate.  *Id*. at ¶¶ 1, 10, 12.  In May 2016, plaintiff resigned from employment.  *Id*. at ¶ 9.  Nearly a year and a half later, on October 15, 2017, plaintiff filed a Collective Action Complaint,[1] in which he seeks to represent all similarly situated installation technicians in their claims for unpaid overtime.  Collective Action Compl., Dkt. Entry 1, Filed Oct. 15, 2017.  Plaintiff did not sign the Collective Action Complaint or file a consent to join.  *Id*.  Many months later, on April 5, 2018, plaintiff filed a written Consent to Join the Collective Action Complaint.  Consent to Join (Opt-In) and Authorization to Represent, Dkt. Entry 18, Filed Apr. 5, 2018.

### B.    The Statute of Limitations Bars Plaintiff's Claims Prior to April 5, 2015

Plaintiff filed a Collective Action Complaint under the Fair Labor Standards Act ("FLSA").  Actions for violations of the FLSA must be commenced two years after the claim accrues, or three years after the claim accrues if the defendant's violation is "willful."  *Gessele v. Jack in the Box, Inc*., 6 F. Supp.3d 1141, 1150 (D. Or. 2014), (citing 29 U.S.C. § 255(a)), *as amended* (May 15, 2014).  In an FLSA action that is pled as a collective or class action, the

---

[1] Plaintiff filed his Collective Action Complaint on October 2, 2017, and then filed an Amended Collective Action Complaint on February 28, 2018.

Page 2    -    DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

action is considered to be "commenced" for the purposes of an individual claimant's statute of limitations on the date that the individual files a written consent to join. *Id*. Even if the individual is the named party, the individual must file a consent to join before the action is deemed "commenced." *Id*. The applicable statute provides:

> In determining when an action is commenced for the purposes of section 255 of this title, an action ... under the Fair Labor Standards Act ... shall be considered to be commenced on the date when the complaint is filed; *except that in the case of a collective or class action instituted under the Fair Labor Standards Act ... it shall be considered to be commenced in the case of any individual claimant—*
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) *if such written consent was not so filed* or if his name did not so appear—*on the subsequent date on which such written consent is filed in the court in which the action was commenced*.

29 U.S.C. § 256 (emphasis added); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

In *Gessele*, Judge Brown explained:

> [T]he language of § 216(b) and § 256 is unambiguous: An FLSA collective action does not commence until the plaintiffs give written consent and those written consents are filed with the Court. Perhaps the written consent requirement is repetitive as other courts have noted, but it is unambiguously required by the FLSA to commence a collective action.

6 F. Supp. 3d at 1161. In *Gessele*, even though the plaintiffs were named as parties in the complaint, because they failed to file written consents to join within the limitations period, their FLSA actions were time-barred. *Id*. Judge Brown's approach -- which is based on unambiguous statutory language -- is consistent with rulings from other courts. *See Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 677 (6th Cir. 2012) (affirming dismissal of FLSA collective action because named plaintiff failed to file a written consent to join within the limitations

Page 3   -   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

period); *Cancilla v. Ecolab, Inc.*, No. C 12–03001 CRB, 2013 WL 1365939 (N.D. Cal. Apr. 3, 2013) (FLSA collective action does not commence until the named plaintiff files a written consent); *Ketchum v. City of Vallejo*, 523 F. Supp. 2d 1150, 1159 (E.D. Cal. 2007) ("[T]he statute of limitations will continue to run until Plaintiffs file their consent to suit forms with this court.").

That the statutory requirement may seem repetitive or unnecessary does not override the plain and unambiguous requirement and language of the statute. In *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099 (7th Cir. 2004), the Court noted:

> [I]f you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent. The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case.... We are inclined to interpret the statute literally.

*Id*. at 1001. Similarly, in *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129 (D. Nev. 1999), the court noted:

> It is indeed redundant and unusual to make named plaintiffs file their consents with the Court. Notwithstanding the fact that the statutory requirements are repetitive or wasteful, they are the unambiguous requirements which Congress has duly enacted.... It is not for the courts to rewrite statutes which they find unwise .... Moreover, the requirements are hardly onerous or burdensome. All Plaintiffs were required to do is file their consents with the Court.

*Id*. at 1139 (citations omitted). And in *Pike v. New Generation Donuts, LLC*, No. CV 12-12226-FDS, 2016 WL 707361 (D. Mass. Feb. 20, 2016), the court explained:

> While it may seem counterintuitive to require a plaintiff named in the complaint to file a separate notice of consent in order to commence an action and toll the statute of limitations, that is exactly what § 256 demands.

*Id.* at *4-5 (further explaining that "[t]he language of § 256 is unambiguous, and the great weight of authority provides that the statute must be strictly construed").

Page 4   -   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Here, plaintiff filed his Consent to Join on April 5, 2018.  Consent to Join (Opt-In) and Authorization to Represent, Dkt. Entry 18, Filed Apr. 5, 2018.  The action was therefore "commenced" on that date.  He can therefore only recover for alleged FLSA violations going back to April 5, 2016, or April 5, 2015 if he is able to prove that the alleged violations were "willful."  Although the Collective Action Complaint was filed on October 15, 2017,[2] it was not "commenced" until plaintiff submitted the Consent to Join in April 2018.  Plaintiff's failure to filing a written consent to join until that time bars him from recovering for any alleged FLSA violations prior to April 5, 2016 (or April 5, 2015 if he proves a willful violation).

## CONCLUSION

For the reasons stated above, the Court should grant Decibels' Partial Motion for Summary Judgment and dismiss plaintiff's claim to the extent it is based on alleged overtime violations which occurred prior to April 5, 2015.

DATED:  September 14, 2018.           STOEL RIVES LLP


                                      *s/ Caroline J. Livett*
                                      Karen L. O'Connor, OSB No. 953710
                                      Caroline J. Livett, OSB No. 151871
                                      Telephone:  (503) 224-3380

                                      Attorneys for Defendant

---

[2] Plaintiff also did not sign the Collective Action Complaint.  *Cf. Chastain v. Cam*, No. 3:13-CV-01802-SI, 2016 WL 1592712, at *12 (D. Or. Apr. 20, 2016) (Simon, J.) (finding that plaintiffs filed proper consent to join under the FLSA because they signed the Complaint and did not have the benefit of the *Gessele* opinion when they filed their complaint).