IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RYAN HEMMING, | Civ. No. 1:17-cv-01624-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| DECIBELS OF OREGON, INC.; DENNIS SNYDER; LEO BROWN, | |
| Defendants. | |

McSHANE, District Judge.

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment, ECF No. 25. The Court has determined that this motion is appropriate for resolution without oral argument. For the reasons discussed below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following factual summary is derived from the First Amended Complaint ("FAC"), ECF No. 16, and the docket entries for the related action, *Matthew Wilson v. Decibels of Oregon et al.*, Case No. 1:16-cv-00855-CL.

Plaintiff Ryan Hemming was employed by Defendant Decibels of Oregon, Inc. as an installation technician from September or October, 2009, through May 22, 2016. FAC ¶¶ 8-10.

On June 7, 2017, Plaintiff sought to join an earlier-filed Fair Labor Standards Act ("FLSA") collective action case, *Matthew Wilson v. Decibels of Oregon et al.*, Case No. 1:16-cv-

00855-CL (the "*Matthew Wilson* case"), as an opt-in plaintiff. *See* ECF No. 43 of Case No. 1:16-cv-08550-CL. The *Matthew Wilson* plaintiff moved for FLSA class certification. Judge Clarke recommended that class certification be denied on the basis that the putative class members were not similarly situated and, on August 31, 2017, this Court adopted that recommendation. ECF Nos. 82, 96 of Case No. 1:16-cv-08550-CL. Denial of class certification resulted in the involuntary dismissal of Plaintiff's claims without prejudice. FAC ¶ 16. The *Matthew Wilson* plaintiff proceeded with his individual claims, which were ultimately resolved by settlement agreement on April 24, 2018. ECF No. 115 of Case No. 1:16-cv-00855-CL. Plaintiff did not appeal the denial of conditional certification following entry of final judgment in the *Matthew Wilson* case.

Plaintiff initiated this action on October 15, 2017. ECF No. 1. Plaintiff alleges that he and other similarly situated installation technicians were subjected an unfair and unlawful system of payment while employed by Defendants, which deprived them of wages for time spent working and overtime pay to which they were entitled. As in the *Matthew Wilson* case, Plaintiff is pursuing collective action on behalf of similarly situated installation technicians. Plaintiff filed a written consent to join in this action on April 5, 2018. ECF No. 18.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any materials fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elect Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Caltrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Defendants move for summary judgment with respect to Plaintiff's FLSA collective action claim on the basis that it is partially-time barred.

An action brought under the FLSA must be commenced within two years after the cause of action accrues, unless the case involves a "willful violation," in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). "An FLSA cause of action accrues 'at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.'" *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 675 (6th Cir. 2012) (quoting *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008)). Collective action claims are subject to an additional procedural requirement:

> In determining when an action is commenced for purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended . . . shall be considered commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended . . . it shall be considered commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought, or

> (b) if such written consent is not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action [brought under 29 U.S.C. § 207] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Thus, "[w]hen plaintiffs have filed a 'collective action' under § 216(b), all plaintiffs, including named plaintiffs, must file a consent to suit with the court in which the action is brought." *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp.2 1129, 1132-33 (D. Nev. 1999). Although, as the court in *Bonilla* observed, this requirement is "redundant and unusual," it is also clearly required by both §§ 256 and 216(b). *Id.* at 1139. "Notwithstanding the fact that the statutory requirements are repetitive or wasteful, they are the unambiguous requirements which Congress has duly enacted. . . . It is not for the courts to rewrite statutes which they find unwise." *Id.* at 1139-40.

When the named plaintiff files his consent to join the collective action at some time after the filing of the complaint, the action is deemed to be "commenced" on the date when the consent has been filed. 29 U.S.C. § 256(b); *see also Bonilla*, 61 F. Supp.2d at 1133 ("Although the consents may be filed after the complaint, the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed.").

In the present case, Plaintiff filed the original complaint on October 15, 2017, but did not file a written consent until April 5, 2018. ECF Nos. 1, 18. Defendants argue the action did not commence until Plaintiff filed the written consent and that, as a consequence, Plaintiff's claims are time-barred to the extent that they seek to reach beyond April 5, 2015.[1] Plaintiff contends that

---

[1] As noted, the statute of limitations for FLSA claims is two years, except in cases of willful violations, in which case the action must be commenced within three years. 29 U.S.C. § 255(a). Plaintiff has alleged the existence of a willful violation, FAC ¶ 62, and the Court accepts that allegation as true for the purposes of this motion.

his claims are not time barred because (1) he has brought an individual action under the FLSA, rather than a collective action; (2) a collective action is not "instituted" under the FLSA until the plaintiff either seeks to conditionally certify a class or an unnamed plaintiff files a consent to join in the action; and (3) the statute of limitations has been tolled from the date on which Plaintiff unsuccessfully attempted to join in the earlier *Matthew Wilson* case.

## I. This is a dual capacity action

Plaintiff asserts that he has not filed a collective action case and, instead, seeks to vindicate his individual rights under the FLSA. As an individual action, Plaintiff's claims would not be subject to the written consent requirements of § 256 and his claim would be deemed to have commenced on the date of the original complaint. 29 U.S.C. § 256.

Although additional procedural requirements are triggered in collective action cases, the FLSA does not define "collective action." *See, e.g., Bonilla*, 61 F. Supp.2d at 1133 (so noting). In *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652 (1971), the Ninth Circuit held that "collective action" was meant to apply to "representative action[s]," which were "brought for the benefit of unnamed plaintiffs, or in the name of any plaintiff who is suing in a representative capacity." *Id.* at 655.

Based on the holding of *Gray*, the *Bonilla* court concluded that a case should be considered a collective action "where plaintiffs, on the face of their complaint, purport to sue on behalf of themselves and others similarly situated." *Bonilla*, 61 F. Supp.2d at 1138 (internal quotation marks and citation omitted); *see also Frye*, 495 F. App'x at 676 ("Frye's Complaint unambiguously signaled his intent to pursue a collective action under the FLSA; he needed to comply with the FLSA's written-consent requirement within the statute of limitations."). In assessing whether the case was facially for collective action, the *Bonilla* court noted that the complaint used the phrase

"and other employees of Las Vegas Cigar Company similarly situated," nine times in the four pages of the complaint, and identified itself as a collective action in the case caption. *Bonilla*, 61 F. Supp.2d at 1139. "Most importantly," the court noted, the plaintiffs sought "recovery not only for themselves, but for other similarly situated in their prayer for relief." *Id.*

In this case, the FAC explicitly identifies itself as a collective action, notwithstanding Plaintiff's arguments in response to the present motion. As in *Bonilla*, the case caption identifies the FAC as the "First Amended Collective Action Complaint."

The opening paragraph of the FAC alleges that "Plaintiff is used interchangeably with technicians as all Installation Technicians were subjected to the same pattern, practice, and policy of not counting all hours worked each date toward the total hours worked each week." FAC ¶ 1. There are numerous references to "similarly situated employees" and the FAC frequently, albeit inconsistently, refers to "plaintiffs" in the plural. *See, e.g.,* FAC ¶¶ 21, 22, 24, 42, 43, 52.

The FAC repeatedly expresses Plaintiff's intention to represent the interests of other unnamed plaintiffs and to seek recovery on their behalf. For example, in an unnumbered line of the FAC between ¶¶ 51 and 52, the FAC alleges "Plaintiffs seek to represent all employees collectively." This unambiguous statement is in bold and all capital letters. The phrase "Plaintiff on his own behalf and the class he seeks to represent," is also used repeatedly. FAC ¶¶ 58, 59, 63, 64. The FAC discusses two distinct subcategories of employees, but concludes that "Regardless, plaintiff seeks to represent all installation technicians as they were all subjected to the same policy, pattern, and practice of not having all hours actually worked counted toward the total hours they worked each week." FAC ¶ 54. Plaintiff also seeks "[d]esignation of this action as a collective action on behalf of plaintiff and the class he seeks to represent pursuant to the FLSA," and "[d]esignation of plaintiff as the class representative." FAC ¶ 71.

On its face, this is clearly a collective action complaint. As in *Bonilla*, Plaintiff explicitly seeks to represent similarly situated individuals and to recover for himself and unnamed employee plaintiffs. As noted, the FAC opens with an explanation that all references to "plaintiff" should be construed as interchangeable with all other installation technicians.

Plaintiff also argues that he has commenced a "dual capacity" action, in which he seeks to pursue both his individual claims and those of a collective action class. A similar argument was advanced in a recent District of Oregon case, *Gessele v. Jack in the Box, Inc.*, 6 F. Supp.3d 1141 (D. Or. 2014). In *Gessele*, the court concluded that an FLSA plaintiff must give sufficient notice that he wishes to pursue a "dual capacity" as opposed to a purely individual claim or collective action. *Id.* at 1160. The *Gessele* court also noted that the complaint explicitly identified itself as a collective action, and the plaintiffs consistently sought relief for themselves and for others of their class. *Id.* at 1159. Ultimately, the court concluded that the plaintiffs did not provide sufficient notice of their intention to proceed in a dual capacity: "'A mere recitation in pleadings of the phrase 'individually and on behalf of all others similarly situated,' absent any further indication in the Complaint or subsequent filings of an intention to proceed in a dual capacity, is not sufficient to put the employer and the Court on notice of an individually-filed action.'" *Id.* at 1160 (quoting *Faust v. Comcast Cable Commc'ns Mgmt., LLC*, No. WMN-10-2336, 2013 WL 5587291, at *8 (D. Md. Oct. 9, 2013)).

The Court has carefully reviewed the FAC and notes that, unlike the plaintiffs in *Bonilla* and *Gessele*, Plaintiff in this case differentiated between his individual claims for relief and those implicated by the collective action. FAC ¶ 71. Both *Bonilla* and *Gessele* placed considerable weight on the plaintiffs' failure to clearly allege a claim for relief apart from what was sought as part of the collective action. Although the collective action allegations in this case clearly

predominate over the scattered references to an individual action, the Court is satisfied that Plaintiff has sufficiently put Defendants on notice that he intends to pursue his individual rights in addition to the collective action claim. The Court concludes, therefore, that while Plaintiff's collective action claims did not accrue until April 5, 2018, his individual claims accrued on the date of his original complaint.

## II. Commencement of a collective action

Next, Plaintiff argues that he has not "initiated" a collective action because he has not sought to certify a class, nor have any unnamed plaintiffs sought to join in the putative collective action class. As such, Plaintiff argues, he is not subject to the written consent requirements of an FLSA collective action.

In support of this position, Plaintiff relies on the Fifth Circuit's decision in *Allen v. Atl. Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984). In *Allen*, the Fifth Circuit rejected the notion that an action involving multiple named plaintiffs was a "collective action," despite the fact that the plaintiffs sought to represent themselves and other similarly situated employees. *Id.* at 1135. The Fifth Circuit concluded that "the action never evolved into a collective or class action since no unnamed plaintiff ever came forward and filed a written consent to suit, asking to be made a party plaintiff." *Id.*

The reasoning of *Allen* was rejected by the district court in *Bonilla*. The court concluded *Allen* was at odds with the plain language of the statute, which does not require an unnamed plaintiff to opt-in before a collective action commences. *Bonilla*, 61 F. Supp.2d at 1134. The *Bonilla* court also observed that, under the *Allen* framework, "[o]nce another plaintiff opts in, the named plaintiffs would have to file their consents and the statute of limitations would be tolled from the date the consents are filed, not from the date of the complaint." *Id.* In such a situation,

the named plaintiff could find his claims at the mercy of, and possibly time-barred by, the latter addition of an unnamed potential plaintiff. *Id.* Such an outcome, the court reasoned, was clearly not the intent of the statute. *Id.*

In *Gessele*, the court similarly rejected the *Allen* analysis, noting that the *Allen* involved multiple individual plaintiffs proceeding jointly, rather than as an FLSA collective action. *Gessele*, 6 F. Supp.3d at 1155. The plain language of the statute provided that an FLSA collective action commenced upon the filing of a written consent. *Id.* at 1158.

Plaintiff also cites to the Ninth Circuit's recent decision in *Rangel v. PLS Cashers of Cal., Inc.*, 899 F.3d 1106 (9th Cir. 2018). The plaintiff in *Rangel* brought individual and collective action claims under the FLSA, which were dismissed on res judicata grounds before any class was certified. *Id.* at 1109. In a footnote, the Ninth Circuit noted that "A collective is not formed until other plaintiffs file consent forms with the court joining (that is, 'opting into') the original named plaintiff's case. No plaintiffs joined Rangel's putative collective action before it was dismissed, so no collective was ever formed. It follows that the only claims at issue in the present appeal are Rangel's individual FLSA claims." *Id.* at 1109 n.1 (internal citations omitted). The issue in the present case is not, however, whether a collective was formed. Rather, this case turns on the question of when a collective action claim is deemed "commenced" under § 256 for purposes of the statute of limitations, an issue which was not before the *Rangel* court and so was not addressed in the court's decision.

This is clear from another recent Ninth Circuit decision, *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), which held that "[a] collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district court." *Id.* at 1101. This is entirely consistent with the plain language of § 256, which provides that a collective action is

"commenced" by the filing of a written consent, even when the written consent is that of the named plaintiff and post-dates the filing of the complaint. *Campbell* also disposes of Plaintiff's argument that the commencement of a collective action does not occur until the filing of a motion to certify the putative class: "[P]reliminary certification is *neither necessary nor sufficient* for the existence of a collective action." *Id.* at 1101 (internal quotation marks and citation omitted, alterations normalized, emphasis in original).

Consistent with the plain language of § 256, a collective action under the FLSA "commences" when the there is both a complaint and a written consent, without regard to whether any unnamed plaintiff has opted into the suit, or whether the named plaintiff has affirmatively sought to certify the putative class. Applied to the facts of this case, Plaintiff's collective action "commenced" when he filed his written consent on April 5, 2018.

### III. Tolling

Finally, Plaintiff argues that the statute of limitations has been tolled from the date of his consent to join the *Matthew Wilson* case through the entry of final judgment in that case. Plaintiff offers no caselaw or other support for this position. To the extent that Plaintiff seeks to toll the statute of limitations by invoking the savings provision of ORS 12.220,[2] that argument is

---

[2] ORS 12.220 provides:
    (1) Notwithstanding ORS 12.020, if an action is filed with a court within the time allowed by statute, and the action is involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action, or is involuntarily dismissed with prejudice on the ground that the plaintiff failed to properly effect service of summons within the time allowed by ORS 12.020 and the statute of limitations for the action expired, the plaintiff may commence a new action based on the same claim or claims against a defendant in the original action if the defendant had actual notice of the filing of the original action not later than 60 days after the action was filed.
    (2) If, pursuant to subsection (1) of this section, a new action is commenced in the manner provided by ORS 12.020 not later than 180 days after the judgment dismissing the original action is entered in the register of the court, the new action is not subject to dismissal by reason of not having been commenced within the time allowed by statute.
    (3) A new action may be commenced only once under this section for the same claim or claims.
    (4) All defenses that would have been available if the original action had been commenced within the time otherwise allowed by statute shall be available in a new action commenced under this section.

unavailing. As Judge Brown recently noted, federal courts borrow state statutes of limitation and savings provisions in the absence of a federal statute of limitations. *Gessele v. Jack in the Box, Inc.*, 3:14-cv-1092-BR, 2016 WL 1056976, at *8 (D. Or. Mar. 10, 2016) (citing *Crain v. Gaston Cnty. Bd. of Educ.*, No. 3:15-CV-00188-GCM, 2015 WL 6449413, at *4 (W.D. N.C. Oct. 23, 2015)). When the federal statute provides an appropriate statute of limitations, however, federal courts do not apply state savings statutes. *Id.* "If Congress explicitly put a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946). In the present case, § 256 imposes a clear limitations period and the application of ORS 12.220 is therefore inappropriate. Accordingly, the Court concludes that this action was not tolled by the filing of Plaintiff's written consent in the earlier *Matthew Wilson* action.

Plaintiff does not appear to seek an equitable tolling of the statute of limitations and so the Court does not address that issue, other than to note that nothing prevented Plaintiff from filing his written consent at the same time as the original complaint in this action. As the *Bonilla* court observed, the requirements for commencing an FLSA collective action "are hardly onerous or burdensome." *Bonilla*, 61 F. Supp.2d at 1139.

## CONCLUSION

For the reasons set forth above, Defendants' Partial Motion for Summary Judgment is ECF No. 25, is GRANTED in part and DENIED in part. Plaintiff's FLSA collective action claim commenced, for purposes of the statute of limitations, on April 5, 2018. Plaintiff's individual FLSA claim commenced, for the purposes of the statute of limitations, on the date of the filing of the original Complaint in this action.

It is so ORDERED and DATED this __31st__ day of January, 2019.

                                                    s/Michael J. McShane
                                                    MICHAEL McSHANE
                                                    United States District Judge,